BANK OF MINNESOTA and Others v. JOHANNA ANDERSON.[1]

December 8, 1897.

Nos. 10,897—(187).

**Insolvent Bank—Liability of Stockholders—Application by Receivers under Laws 1895, c. 145, § 20—Appealable Order.**

A creditor who had commenced an independent action to enforce the liability of stockholders in an insolvent banking corporation appeared and opposed an application made to the court by receivers of the corporation, appointed in accordance with the provisions of Laws 1895, c. 145, § 20, for leave to institute proceedings to enforce such liability. *Held*, that an order of the court granting the application, and empowering the receivers to proceed, is not appealable.

Appeal by defendant Anderson from an order of the district court for Ramsey county, Otis, J., authorizing and directing the receivers of the plaintiff bank to enforce the liability of its stockholders for the benefit of its creditors. Affirmed.

*Enoch Johnson* and *W. S. Dwinnell*, for appellant.

*Young & Lightner*, for respondents.

The receivers believe that Laws 1895, c. 145, is an avowed copy of the national bank act, that the construction of the federal act and the practice under it apply to the act of 1895, and that they cannot enforce the stock liability until so ordered by the court.

A presumption arises that where a statute, the construction of which has been judicially determined, has been adopted into the statute law of another state, the legislature adopted the statute with that construction. Nicollet v. City Bank, 38 Minn. 85, 88; In re St. Paul, 37 Minn. 164; Cooley, Const. Lim. 52, and cases; Warner v. Texas, 164 U. S. 418, 423; McDonald v. Hovey, 110 U. S. 619, 628. In the first case cited this rule was applied to a section of the state banking law taken from the national bank act. A comparison of the act of 1895 with the national bank act and the old bank law, G. S. c. 33, makes it very plain that the act of 1895 was adopted

[1] Reported in 73 N. W. 175.

in place of the old bank law. Provisions for issuing bank notes having been long obsolete by reason of the federal tax, such provisions were eliminated from the act of 1895.

Of the old bank law G. S. 1894, §§ 2481–2489, 2495–2497, 2502–2510, 2518, 2522, 2523, 2526 and 2527, relate solely to bank notes and circulation. The remaining sections cover the ground of the act of 1895.

Of the national bank act R. S. (U. S.) §§ 5157–5189, 5194, 5195, 5196, 5203, 5206, 5207, and 5222–5233, relate solely to bank notes and circulation. The remaining sections cover the ground of the act of 1895.

An examination of the corresponding sections makes it clear beyond question that in the act of 1895 the legislature intended to adopt, so far as they could be made applicable, all of the essential features of the national bank act, the precise phraseology of which is closely adhered to. The provisions of chapter 33 where different from the federal act are eliminated.

The practice and procedure under the national bank act for winding up insolvent banks and enforcing stock liability are governed solely by R. S. (U. S.) §§ 5234, 5235. These sections are found in substantially the same phraseology in sections 20 and 21 of the act of 1895. No similar provision has ever been found in our state laws. Evidently by reason of their enactment, the provisions of the old bank law found in G. S. 1894, §§ 2512, 2525, were eliminated.

The provisions in the national bank act for winding up national banks are brief and a mere skeleton of procedure. Federal decisions have fully construed these provisions and settled the practice. In Kennedy v. Gibson, 8 Wall. 498 (1869), it was held that the receiver could not enforce stock liability until directed by the comptroller. This rule has been adhered to ever since. In the act of 1895 a receiver cannot enforce stock liability until directed by the district court. The order of the comptroller declaring to what extent the individual liability shall be enforced is conclusive. Kennedy v. Gibson, supra; Casey v. Galli, 94 U. S. 673; National Bank v. Case, 99 U. S. 628. Under the decisions cited above the winding-up procedure of the federal act has proved beneficial in a saving of the unnecessary expense and delay of two proceedings, in making

the stock liability bear interest from the date of the order to enforce the same, and the right to sue stockholders singly and at law when it is ascertained that the whole liability must be paid. The present procedure under chapter 76 is beautiful in theory, but in practice is one of the most burdensome and inefficient proceedings known to the law.

It is always within the power of the legislature to change the remedy for enforcing the stockholders' liability. Allen v. Walsh, 25 Minn. 543, expressly recognizes that the remedy may be such as is authorized by the statute, but under the statute then in existence that case held that the sole remedy given by the statute was the equitable action under chapter 76. As to banks the legislature has changed the remedy to that in force under the national bank act. To obtain the beneficial effects of that act, this law must be construed as the bank act has been by the federal courts, so as not merely to require a direction from the comptroller (or district court), but also to give the right of separate actions against stockholders and provide for interest on the stock liability.

The receivers were appointed under the act of 1895, hence they are placed in the position of sustaining the authority of that act, at least so far as relates to their appointment and their duty to enforce all stock liability. It is not now necessary to decide more than that this act is constitutional and applicable to the extent that the receivers are the proper parties to enforce the stock liability whatever that liability may be.

The Bank of Minnesota is a corporation organized prior to 1895 under the provisions of G. S. 1878, c. 33, §§ 1–46 (G. S. 1894, §§ 2481–2532). These sections constitute all of G. S. 1866, c. 33. We find no other provision in G. S. 1866 which can be construed as relating to banks of any kind. In 1894 there were in fact but two laws that could be claimed to relate to any kind of bank or saving institution: (1) the general banking law under which this bank was organized, and (2) the law relating to savings banks or associations.

Laws 1895, c. 145, is entitled "An act to revise the laws relating to banks of discount and deposit." There would be no foundation for a claim that the act of 1895 attempted to revise laws relating to savings institutions. The only laws which the act of 1895 could

revise or relate to must be chapter 33 of the general statutes as amended by subsequent laws. A comparison of the two laws removes all doubt that the law under which this bank was organized was the law revised by the act of 1895. Hence it follows that the act of 1895 so far as constitutional applies to the Bank of Minnesota.

Where no action is taken under section 20 by the superintendent of banks and no receiver is appointed, sequestration proceedings and proceedings to enforce stock liability under chapter 76 may be instituted. Minneapolis v. City Bank, 66 Minn. 441.

The question here is whether, after proceedings for the involuntary liquidation of the affairs of a bank have been begun under section 20, it is open to a creditor to institute proceedings under chapter 76 of the general statutes to enforce the stock liability. We maintain that this question has been settled adversely to the appellant by the decisions under the national bank act. Richmond v. Irons, 121 U. S. 27; Stanton v. Wilkeson, 8 Ben. 357 (22 Fed. Cas. 1074); Story v. Furman, 25 N. Y. 214, 231; Walker v. Crain, 17 Barb. 119; Hewett v. Adams, 50 Me. 271, 282; 3 Thompson, Corp. § 3561.

The stockholders in a corporation are severally and not jointly liable. It never was heard that where parties are severally liable for the same debt they must all be sued together, because they may have rights of contribution between themselves. Neither would such a rule apply where the full liability of each must be paid, because in such case no right of contribution would exist.

*Davis, Kellogg & Severance,* attorneys for certain stockholders, by consent filed a brief.

The receivers petitioned the lower court for an order that the stockholders pay into court their liability on or before a certain day, in default of which interest should run against them; but the receivers asked that only the creditors be given notice, and an examination of the order shows that no notice was given to the stockholders. That court overruled the objections of certain creditors and directed the receivers to enforce the liability. In its order the court found: (a) The amount of capital stock and that holders of

70 M.—27

over $300,000 thereof were insolvent. This insolvency was found in a proceeding in which the stockholders were not parties. (b) That the assets of the bank were wholly insufficient to pay its creditors, and that it was necessary that all individual liability of the stockholders be paid in order to satisfy the debts. (c) That the stockholders pay their liability one dollar for each dollar of stock by August 1, 1897, and one dollar for each dollar of stock by September 1, 1897.

Counsel claim that interest runs from the date of default, under this order made without a hearing or notice to the parties interested. Interest does not run from the date fixed by the court in its order. Cleveland v. Burnham, 64 Wis. 347, 361; Sackett v. Blake, 3 Rich. Eq. 225, 233; Munger v. Jacobson, 99 Ill. 349; 1 Cook, Stockh. § 225, subd. a; Cole v. Butler, 43 Me. 401; Minneapolis v. Swinburne, 66 Minn. 378.

The receivers propose to get an adjudication from this court radically changing the enforcement of stockholders' liability, and in fact radically changing the very nature of the liability without any hearing by the parties most interested. In this proceeding the only parties are the creditors, whose interests are antagonistic to the stockholders, and the receivers who are enforcing the liability. It seems improper that the court should pass upon any of these questions affecting the stockholders' liability and the enforcement thereof, in the absence of the parties principally to be affected.

The receivers claim that because our bank act is framed in some respects after the national bank act that it evinces an intention by the legislature to change the nature of the stockholders' liability, and absolutely changes the rule of enforcing it.

The original bank act of this state was evidently framed after the national bank act, and the law of 1895 was taken from the provisions of the banking laws of this state. Dropping out the provisions relating to circulating notes, the bank act of 1895 is no more like the national bank act than the banking law has always been. Sections 1, 2 and 3 of the act of 1895 are substantially the same as sections 10, 11 and 12 of chapter 33 of the general statutes. These sections evidently were originally framed after the national bank act. We fail to see any similarity between section 4 of the

act of 1895 and section 5236 of the national bank act. Section 5 of the act of 1895 is a copy of sections 14 and 21 of chapter 33, which probably were originally taken from sections 5131, 5139 and 5210 of the national bank act. These sections in the general statutes and in the act of 1895 are those creating the liability of stockholders and providing how the stock shall be transferable, and have been in force at least since 1866, except that the law of 1895 reduces the liability from a double to a single liability. This is not evidence of any intention of following the national bank act.

The provisions of section 20 of the act of 1895 providing for the appointment of receivers for banks have substantially been in force since 1889. Laws 1889, c. 100, § 3, amending G. S. 1866, c. 33, § 31 (G. S. 1894, § 2512). This section 2512 is very similar to section 20, except that the number of grounds on which a receiver can be appointed is increased in section 20. The power of the superintendent of banks to take possession pending an application for a receiver is the same, but to section 20 is added the power of the receiver to enforce the stockholders' liability similar to the addition to the law of 1897 empowering receivers and assignees of other corporations to enforce such liability. This section 20 is not like section 5234 of the national bank act. That act provides that the comptroller shall forthwith appoint a receiver. Here the receiver is appointed by the court upon an application of the superintendent of banks. The only similarity is that the receiver shall enforce the liability. The act of 1895 evinces no intention on the part of the legislature to abandon the system of enforcing the stockholders' liability which has existed since banks were known in this state.

The principle that when a statute has been adopted from another state the settled construction of the statute in the state from which it was taken is also adopted, has limitations. Nicollet v. City Bank, 38 Minn. 85, 88. In construing the provisions of section 20 we should consider that the provisions of the statute relating to the organization of state banks, the liability of stockholders and the enforcement thereof have been in existence in this state many years; that this court has repeatedly held the liability of a stockholder in a bank is in the nature of an equitable suretyship to be enforced in an equitable action for the benefit of all creditors and against

all stockholders; that contribution exists; that the primary and secondary liability of stockholders who have transferred stock must be determined by the court; that successive executions must issue. Allen v. Walsh, 25 Minn. 543; Olson v. Cook, 57 Minn. 552; Minneapolis v. City Bank, 66 Minn. 441; Harper v. Carroll, 62 Minn. 152; International v. American, 62 Minn. 501. In this state we have had for many years a banking law creating the double liability of stockholders framed after the national bank act, and during all this time the court has repeatedly held the stockholders' double liability is to be thus enforced.

There are many distinctions between the system of enforcing the stockholders' liability in the national bank act, and the enforcement of a liability in this state. In a national bank the receiver is an executive officer and not an officer of the court. The receivership is not a proceeding in court and the property is not vested in custodia legis. The liability of stockholders in a national bank is stated in section 5151. This provision has been in force since 1864. This provision was construed in U. S. v. Knox, 102 U. S. 422, 425. The liability provided by section 5 of the act of 1895 is essentially the same as that provided in G. S. 1866, c. 33, § 21. This has been construed in Allen v. Walsh, 25 Minn. 543, 552, 553, and that construction has been reaffirmed in every decision of this court since.

If the statute of 1895 has radically changed the nature of the liability and the manner of its enforcement, both court and counsel failed to discover it in the case of Harper v. Carroll, supra. In that case the court stated the following propositions: (a) that the stockholder is liable only for his proportion of the debts existing at the time of the transfer of his stock; (b) that as between the transferror and the transferee, the transferee is primarily liable and the transferror is in the nature of a surety; (c) that there is contribution between stockholders; (d) that each stockholder, whether his liability is primary or secondary, is entitled to credit of the assets of the bank; (e) that although the stockholders' liability is separate and not joint, still the stockholders are liable one for another for the reason that they are liable for all the debts, excluding insolvent stockholders and non residents; (f) that judgments may be rendered and successive executions issue, and judg-

ments of contribution between stockholders; in fact, that the proceeding is equitable and judgment will be awarded in such a manner as the circumstances of each case require in order to do justice between the creditors and stockholders and between the several defendant stockholders.

COLLINS, J.

At the time the court below heard the arguments of counsel upon the demurrers of defendants in Anderson v. Seymour, supra, page 358, it took under consideration an application made by the receivers for leave of the court to institute proceedings to enforce the stockholders' liability. This application was opposed by the creditor Anderson upon two grounds: First, because she had already commenced an action for the same purpose, which was then pending; and, second, that, for reasons discussed and disposed of in the opinion just referred to, the receivers could not be authorized as requested, and could not legally maintain such proceedings, if empowered so to do by the district court. The objections were overruled, and an order made directing the receivers to enforce the stockholders' liability. This appeal taken by the creditor Anderson is from such order. It is not an appealable order, under any of the subdivisions of G. S. 1894, § 6140. And in addition to this the matter is disposed of on its merits in Anderson v. Seymour, supra.

In conclusion, it is proper to say that ordinarily it is unnecessary for receivers to make the application for leave to enforce a stockholder's liability. Ueland v. Haugan, supra, page 349. See, also, Maxwell v. Northern, supra, page 334. What is the proper practice under conditions such as were here presented, we do not decide.

Appeal dismissed.